## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **LI CHENG**, individually, and on behalf of all others similarly situated, | : <br> : <br> : <br> : Civil Action No.: <br> : <br> Plaintiff, : <br> -against- : **CLASS AND COLLECTIVE ACTION** <br> : <br> : **COMPLAINT WITH JURY DEMAND** <br> **SUSHI AJI, INC., JIANWEI CAO,** and : <br> **QIONG CAO** : <br> : <br> Defendants. : <br> : |

Plaintiff, **Li Cheng** (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, as and for her Complaint, alleges Defendants **Sushi Aji, Inc., Jianwei Cao** and **Qiong Cao**'s (collectively, the "Defendants") failure to pay Plaintiff and all other similarly situated employees minimum wage and overtime compensation, as well as other unlawful labor practices, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 *et seq.* ("CWA"), and Colorado Minimum Wage Order 33 ("CMWO").

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the FLSA in connection with Defendants' commonly applied policy and practice in violation of their statutory obligations to pay Plaintiff and the putative collective members minimum

wage and overtime compensation at a rate of no less than time and a half (1.5) of their regular rate of pay for hours worked in excess of forty (40) per workweek.

3. Plaintiff, individually and on behalf of the putative class members, also brings this action under the CWA and CMWO and overtime statutes and regulations. Plaintiff asserts that all affected employees are entitled to minimum wage and overtime compensation at a rate of no less than time and a half (1.5) of their regular rate of pay for hours worked in excess of forty (40) per week.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

5. Specifically, Defendants' labor violations are as follows:

   a. Paid servers cash wages that were substantially lower than the minimum wage required for tipped employees under the FLSA and CMWO, thus losing the tip credit;

   b. Failed to record hours that employees actually worked during each workweek;

   c. Falsified employees' pay stubs;

   d. Improperly claimed a tip credit;

   e. Failed to pay servers minimum wage; and

   f. Failed to compensate employees at no less than time and a half (1.5) their regular rate of pay for hours worked beyond forty (40) in a workweek.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

7. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367, as to claims under the CWA and CMWO.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

9. Defendant, **Sushi Aji, Inc.**, (hereinafter "**Sushi Aji**") is a domestic corporation organized and existing under the laws of the State of Colorado.

10. **Sushi Aji** operates a restaurant serving Japanese food at 14807 W 64th Ave, Unit B, Arvada, CO 80007.

11. **Sushi Aji** has an annual gross volume of business exceeding $500,000.00.

12. **Sushi Aji** is actively doing business in the State of Colorado.

13. Upon information and belief, Defendant, **Jianwei Cao**, is the registered agent, owner and general manager of **Sushi Aji.**

14. Upon information and belief, **Jianwei Cao** manages and operates **Sushi Aji**.

15. **Jianwei Cao** determined the wage and hour policies and practices that affected Plaintiff and all other similarly situated employees.

16. Upon information and belief, Defendant, **Qiong Cao**, is the owner and manager of **Sushi Aji.**

17. Upon information and belief, **Qiong Cao** manages and operates **Sushi Aji**.

18. **Qiong Cao** determined the wage and hour policies and practices that affected Plaintiff and all

other similarly situated employees.

19. At all relevant times herein, Plaintiff was and is a resident of Jefferson County in the State of Colorado.

20. Plaintiff worked for Defendants as a server from approximately July 2014 to July 2016.

21. Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

22. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

23. **Sushi Aji** is a privately held establishment, operating and doing business as a restaurant.

24. Defendants operate and control an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

25. At all times material and relevant herein, **Sushi Aji** has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

26. At all times material and relevant herein, Defendants are the "employer" of Plaintiff and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

27. At all times material and relevant herein, Plaintiff and all other similarly situated employees were and are "employees" within the meaning of 29 U.S.C. §203(e).

28. At all times material and relevant herein, Defendants either directly or indirectly hired Plaintiff and all other similarly situated employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

29. At all times material and relevant herein, Defendants controlled the work schedules, duties,

4

protocols, applications, assignments and conditions of employment of Plaintiff and all other similarly situated employees.

30. Plaintiff and all other similarly situated employees did not fall under any minimum wage or overtime exemption of the FLSA, CWA and CMWO.

31. Defendants were aware of their legal obligations to pay minimum wage to the servers.

32. Defendants were aware of their legal obligations to pay overtime premium to the servers.

33. Plaintiff was paid $20.00 a full workday and $10.00 a half workday.

34. Plaintiff's typical full day schedule was from 10:30 AM to 10:00 PM.

35. Plaintiff's typical half day schedule was from 4:30 PM to 10:00 PM.

36. Defendants failed to pay the servers minimum wage.

37. Plaintiff and all other similarly situated employees were required by Defendants and regularly worked overtime without proper premium.

38. For example, during the workweek of February 8, 2015 to February 14, 2015, Plaintiff worked four (4) full days and two (2) half days and received $100.00 in cash wages.

39. During the workweek of February 8, 2015 to February 14, 2015, Plaintiff worked approximately fifty-four (54) hours.

40. During the workweek of February 8, 2015 to February 14, 2015, Plaintiff was paid cash wages at $1.85 per hour on average, lower than $2.13 required by the FLSA and $5.21 required by the CMWO.

41. Defendants attempted to take an excessive tip credit.

42. Defendants took an improper tip credit.

43. Accordingly, Defendants lose the tip credit.

44. Plaintiff was paid below minimum wage.

45. Defendants falsified Plaintiff's pay stubs showing that for the pay period of February 1, 2015 to February 14, 2015, Plaintiff was paid a salary of $800.00.

46. During the workweek of February 8, 2015 to February 14, 2015, Plaintiff did not receive any pay for overtime.

47. For the workweek of February 8, 2015 to February 14, 2015, Plaintiff was shorted $216.00 in minimum wage and $126.35 in overtime under the FLSA. This amount does not include liquidated damages, attorney's fees or costs.

48. For the workweek of February 8, 2015 to February 14, 2015, Plaintiff was shorted $255.20 in minimum wage and $146.93 in overtime under the CWA and CMWO. This amount does not include liquidated damages, penalties, attorney's fees or costs.

49. At all relevant times herein, Defendants maintained control, oversight, and direction over Plaintiff and the putative class and collective members, including the promulgation and enforcement of policies affecting the payment of wages.

50. Upon information and belief, at all times material and relevant herein, Defendants failed to keep full and accurate records of Plaintiff's and all other similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

51. At all relevant times, Plaintiff and all other similarly situated employees worked in the manner described above and Defendants encouraged, instructed, and required them to work in such manner.

52. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administration. regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Colorado Department of Labor and Employment, or any administrative practice or

6

enforcement policy of such departments.

53. Defendants' widespread violations of the above-described federal and state wage and hour statutes and regulations were/are willful, arbitrary, unreasonable and/or in bad faith.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

55. Plaintiff brings this collective action individually and on behalf of all other similarly situated employees, who were/are affected by Defendants' willful violations of the FLSA as described in this Complaint.

56. Plaintiff brings this claim for relief for Defendants' intentional violations of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

57. The FLSA Collective is defined as follows:

> **All current and former Servers of Sushi Aji from July 2014 through the present.**

58. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative collective members are similarly situated in that they are all subject to Defendants' commonly applied policy and/or practice of failure to pay minimum wage and overtime.

59. Plaintiff brings this class action to recover monetary damages owed by Defendants to Plaintiff and the putative class members for unpaid minimum wage and unpaid overtime compensation pursuant to CWA and CMWO.

60. The Rule 23 Class is defined as follows:

> **All current and former Servers of Sushi Aji employed in the State of Colorado from July 2014 through the present.**

61. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

      (a)  Whether Defendants are liable to Plaintiff and the putative class members for violations under the CWA, CMWO and applicable regulations;

      (b)  Whether Defendants paid Plaintiff and the putative class members a day rate;

      (c)  Whether Defendants paid Plaintiff and the putative class members below minimum wage;

      (d)  Whether Defendants kept accurate records of actual hours worked by Plaintiff and the putative class members;

      (e)  Whether Defendants lose the tip credit;

      (f)  Whether Plaintiff and the putative class worked overtime; and

      (g)  Whether Defendants failed to pay Plaintiff and the putative class overtime.

62. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' commonly applied policy and practice, as alleged herein.  Like all Class members, Plaintiff was damaged by Defendants' commonly applied policy and practice of failing to pay minimum wage and overtime.

63. The Class is so numerous that joinder of all members is impractical.  While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least thirty (30) putative class members have worked for Defendants during the applicable statutory period, without

receiving appropriate minimum wage and/or overtime compensation, as required by law.

64. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

65. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a classwide basis instead of on a repetitive individual basis;

    b. Despite the size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

66. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede

their ability to protect their interests.

67. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents wage and hour claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF
### (Individual Claims for Violations of FLSA)

68. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

69. Defendants failed to pay Plaintiff the minimum cash wage.

70. Defendants shall lose the tip credit.

71. Plaintiff was required by Defendants and regularly worked overtime.

72. Defendants failed to compensate Plaintiff minimum wage and overtime, in violation of the FLSA.

73. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

74. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

75. As a result of the foregoing, Plaintiff was illegally denied minimum wage and overtime compensation, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
### (Collective Action Claims of Servers for Violations of FLSA)

76. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

77. Defendants failed to pay Servers the minimum cash wage.

78. Defendants shall lose the tip credit.

79. The Servers were required by Defendants and regularly worked overtime.

80. Defendants failed to compensate Servers minimum wage and overtime, in violation of the FLSA.

81. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

82. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

83. As a result of the foregoing, Plaintiff and the putative collective members were illegally deprived of minimum wage and overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## THIRD CLAIM FOR RELIEF
### (Individual Claims for Violations of CWA and CMWO)

84. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

85. Defendants failed to pay Plaintiff the minimum cash wage.

86. Defendants shall lose the tip credit.

87. Plaintiff was required by Defendants and regularly worked overtime.

88. Defendants failed to compensate Plaintiff minimum wage and overtime, in violation of the CWA and CMWO.

89. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

90. As a result of the foregoing, Plaintiff was illegally deprived of minimum wage and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, penalties, costs, reasonable attorney's fees and other compensation pursuant to the CWA and CMWO.

## FOURTH CLAIM FOR RELIEF
**(Class Action Claims of Servers for Violations of CWA and CMWO)**

91. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

92. Defendants failed to pay Servers the minimum cash wage.

93. Defendants shall lose the tip credit.

94. The Servers were required by Defendants and regularly worked overtime.

95. Defendants failed to compensate Servers minimum wage and overtime, in violation of the CWA and CMWO.

96. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

97. As a result of the foregoing, Plaintiff and the putative class members were illegally deprived of minimum wage and overtime compensation earned, in such amounts to be determined at

trial, and is entitled to recovery of total unpaid amounts, liquidated damages, penalties, costs, reasonable attorney's fees and other compensation pursuant to the CWA and CMWO.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' wage policy and practice alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

B. A declaratory judgment that Defendants' wage policy and practice alleged herein violate the CWA and CMWO;

C. An Order certifying the FLSA Collective;

D. An Order certifying the Rule 23 Class;

E. An Order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and each putative collective and class member during each workweek;

F. Judgment for damages for all unpaid minimum wage and overtime compensation owed to Plaintiff and the putative collective members during the applicable statutory period under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and the putative collective members during the applicable statutory period;

H.     Judgment for liquidated damages to Plaintiff and all putative class members pursuant to the CWA and CMWO;

I.      An order directing Defendants to pay Plaintiff and the putative class and collective members reasonable attorney's fees and all costs connected with this action;

J.      Incentive award for Plaintiff Li Cheng;

K.     An order for injunctive relief and permanently enjoining Defendants from future violations of the FLSA, CWA and CMWO;

L.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

M.    Judgment for any and all civil penalties to which Plaintiff and all putative class and collective members may be entitled; and

N.     Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: July 18, 2017                              Respectfully submitted,


                                                            **JTB LAW GROUP, LLC**

                                                            By: _s/ Jason T. Brown_
                                                            Jason T. Brown
                                                            155 2nd St., Suite 4
                                                            Jersey City, NJ 07302
                                                            jtb@jtblawgroup.com
                                                            Phone: (877) 561-0000
                                                            Fax: (855) 582-5297

                                                            _Attorneys for Plaintiff_