IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01732-MEH

LI CHENG, individually, and on behalf of all others similarly situated,

      Plaintiff,

v.

SUSHI AJI, INC.,
JIANWEI CAO,
and QIONG CAO,

      Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Defendants Sushi Aji, Inc., Jian Wei Cao, and Qiong Cao (collectively "Defendants") have filed a Motion to Dismiss challenging the sufficiency of service of each defendant and arguing the complaint fails to state a claim for which relief may be granted. For the reasons that follow, the Court grants the motion in part and denies it without prejudice in part as set forth herein.

## BACKGROUND

      Plaintiff Li Cheng ("Plaintiff") initiated this action on July 18, 2017. Along with the Complaint, Plaintiff sought the issuance of Summonses addressed to each Defendant (including the corporate Defendant) at "14807 W 64th Ave., Unit B[,] Arvada[,] CO 80007." ECF No. 2. On July 19, 2017, the Clerk of the Court issued Summonses containing the name of each Defendant at that address. ECF No. 4. Thereafter, Plaintiff filed an Affidavit of Service for each defendant on July 31, 2017. ECF No. 7. Each affidavit stated that service was executed on July 26, 2017, at

approximately 2:55 PM by leaving the pertinent documents with "TINA WHIANGE" at the stated address. *Id.* at 1–3. The affidavits state that "Tina Whiange" is "the MANAGER & AUTHORIZED AGENT" of each Defendant. *Id.*

On August 30, 2017, Defendants filed the present Motion to Dismiss pursuant to Rule 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim upon which relief may be granted. Defs.' Mot., ECF No. 13. Defendants argue that service on each Defendant was insufficient. *Id.* at 4. The individual Defendants Jian Wei Cao and Qiong Cao (the "Individual Defendants") both submit declarations stating that they "do not know a 'Tina Whiange,'" "'Tina Whiange' is not an employee of Sushi Aji, Inc.," and "Tina Whiange" is not either Defendant's "manager or authorized agent." Decl. of Jian Wei Cao and Sushi Aji, Inc. ("Jian Wei Cao decl.") ¶¶ 5–8, ECF No. 13-3; Decl. of Qiong Cao ("Qiong Cao decl.") ¶¶ 5–8, ECF No. 13-4. Additionally, the Individual Defendants declare that the address at 14807 W 64th Ave., Unit B, Arvada, CO 80007 "is not a dwelling or usual place of abode where I reside." Jian Wei Cao decl. ¶ 9; Qiong Cao decl. ¶ 9. Defendants also argue that service on the corporate Defendant was insufficient because "Tina Whiange" is not an authorized agent of Sushi Aji, Inc. Defs.' Mot. 4–5. To support this, Defendants submit a "Periodic Report" for Sushi Aji, Inc., filed with the Colorado Secretary of State, which lists "Jian Wei Cao" as its registered agent. ECF No. 13-1. The report lists the registered agent's address as "6363 W 120TH AVE 322[,] Broomfield[,] CO 80020." *Id.*

Plaintiff counters that "service on 'Tina Whiange' who represented to the process server that she was authorized to accept service on behalf of Defendants at Defendants' only place of business was sufficient." Pl.'s Resp. 5–6, ECF No. 20. Additionally, Plaintiff argues that service was sufficient under Colorado law. *Id.* at 4–5.

## **LEGAL STANDARD**

The Court may dismiss a case pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Meyers v. Pfizer, Inc.*, No. 13-cv-01508-WJM-CBS, 2014 WL 1598723, at *2 (D. Colo. April 21, 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353). "Effectuation of service is a precondition to suit . . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the Court lacks personal jurisdiction over the defendant. *See Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008).

When opposing a motion to dismiss for insufficient service of process, a "plaintiff bears the burden of making a prima facie case that [he or she] has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Props. & Const., Inc.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *Dittimus v. Bond*, No. 12-cv-03010-MSK-KMT, 2013 WL 4496432, at *2 (D. Colo. Aug. 22, 2013) (quoting *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). "The parties may submit affidavits and other documentary evidence for the Court's consideration, and [a] [p]laintiff is entitled to the benefit of any factual doubt." *Fisher*, 531 F. Supp. 2d at 1260. A "[p]laintiff must demonstrate that the procedure employed by [him or her] to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Meyers*, 2014 WL 1598723, at *2.

## ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure states the requirements for effective service of process. The Court will address whether service was sufficient for both the individual and corporate Defendants.

## I.     The Individual Defendants

Rule 4(e) states that, in the absence of an exception provided by federal law or the defendant's waiver, an individual who is competent and a non-minor may be served in a judicial district of the United States by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>>
>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Colorado state law also provides the following permissible means of service:

> Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof . . . at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent . . . .

Colo. R. Civ. P. 4(e)(1).

Plaintiff has returned a signed affidavit of service for both Individual Defendants. ECF No. 7. This constitutes prima facie evidence of compliance with the rule. *Dittimus*, 2013 WL 4496432, at *2. Therefore, the Individual Defendants must put forth strong and convincing evidence that the

requirements of Rule 4 are not satisfied. The parties do not dispute that the process server left the summons and complaint with "Tina Whiange" at the address registered for Sushi Aji, Inc. The issue becomes whether this service was sufficient.

The Court is not persuaded that Plaintiff has satisfied the requirements of service of process. The declarations of Jian Wei Cao and Qiong Cao persuade the Court that service was not satisfied by any means permitted in Federal Rule of Civil Procedure 4(e)(2). The process server did not deliver the summons and complaint to the Defendants personally, the address at 14807 W 64th Ave., Unit B, Arvada, CO 80007 was not the Individual Defendants' dwelling or usual place of abode, nor is "Tina Whiange" their authorized agent to receive service of process. However, Rule 4(e)(1) would be satisfied if the service is permitted by Colorado state law. Colorado Rule of Civil Procedure 4(e)(1) permits service on an individual by serving the individual "at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent." However, the unrebutted declarations of the Individual Defendants state "Tina Whiange" and is not an employee of Sushi Aji, Inc. Jian Wei Cao decl. ¶¶ 5–6; Qiong Cao decl. ¶¶ 5–6. Therefore, she cannot be the Individual Defendants' supervisor, secretary, administrative assistant, bookkeeper, human resources representative, or managing agent. This is strong evidence that service of process on the Individual Defendants was not sufficient.

## II.    The Corporate Defendant

Rule 4(h) of the Federal Rules of Civil Procedure states the requirements for effective service of process on a corporation. Rule 4(h) states that in the absence of an exception provided by federal law or the defendant's waiver, a corporation must be served:

**(1)** in a judicial district of the Untied States:

**(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(h)(1).

The Affidavit of Corporate Service submitted by Plaintiff states service of Sushi Aji, Inc. was executed "by leaving the documents with TINA WHIANGE, the MANAGER & AUTHORIZED AGENT of SUSHI AJI, INC." ECF No. 7 at 1. However, Sushi Aji's "Periodic Report" filed with the Colorado Secretary of State lists Jian Wei Cao as Sushi Aji, Inc.'s authorized agent. ECF No. 13-1 at 1. This is strong evidence that service of process on the corporate Defendant was not sufficient.

## III.    Disposition of the Motion to Dismiss for Insufficient Service

The Court is persuaded that service on "Tina Whiange" at the business address for Sushi Aji, Inc. was insufficient for all Defendants. Defendants ask the Court to dismiss the case because of this defect. However, dismissal here is not warranted. "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). The Court has broad discretion to quash defective service and retain the case, especially where the Court may reasonably conclude that the plaintiff will ultimately be able to serve the defendant properly. *See Barksdale v. Connaghan*, No. 10-cv-02941, 2011 WL 3664382, at *3 (D. Colo. July 28, 2011). Dismissal in such a case "would be without prejudice and would probably lead to the reinstitution of the suit[,] thereby needlessly burdening [the plaintiff] with additional expense and delay while postponing the adjudication of the controversy's merits." *Montgomery, Zukerman, Davis, Inc. v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988) (alterations in original omitted); *Miree v. United States*, 490 F. Supp. 768, 776 (N.D. Ga.1980) (finding that a case should not be dismissed

for insufficient service unless the defendant has been seriously prejudiced as a result of the mistake or of the delay in fixing it).

In this case, Defendants had actual notice of the suit and have not demonstrated any prejudice resulting from ineffective service. Thus, it would be appropriate for the Court to quash service, but to retain the case and grant Plaintiff an opportunity to re-serve Defendants in a manner comporting with Rule 4(e) and Rule 4(h).

Rule 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Pursuant to Rule 4(m), district courts have the discretion to extend the time for service beyond 90 days, regardless of whether a plaintiff may show good cause for untimely service. *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995).

In this case, Plaintiff filed the Complaint on July 18, 2017. ECF No. 1. This means that the 90-day deadline for service expired October 16, 2017. The Court will grant an additional 30 days and allow Plaintiff to properly effectuate service on or before November 15, 2017.

## CONCLUSION

For the reasons set forth herein, the Court **grants in part** Defendants' Motion to Dismiss [filed August 30, 2017; ECF No. 13] to the extent that Defendants request service be quashed. The Court **denies without prejudice** the remainder of Defendants' motion for the Court's lack of jurisdiction to hear Defendants' remaining arguments at this time. Accordingly, Defendants' motion is **granted in part and denied in part**. Further, the Court **orders** Plaintiff to complete service of Defendants by November 15, 2017.

Entered and dated at Denver, Colorado, this 23rd day of October, 2017.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge